UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILLIAM T. RUCKER<br>And MARIE RUCKER,<br>    Plaintiffs,<br><br>    v.<br><br>RDS FARM, INC., DAVID L. ALLEN,<br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, and<br>CSX TRANSPORTATION, INC.,<br>    Defendants,<br>-----------------------------------------------<br>NATIONAL RAILROAD PASSENGER<br>CORPORATION d/b/a AMTRAK,<br>    Cross-Claimant,<br><br>    v.<br><br>DAVID L. ALLEN and RDS FARM, INC.,<br>    Cross-Defendants,<br>-----------------------------------------------<br>NATIONAL RAILROAD PASSENGER<br>CORPORATION d/b/a AMTRAK,<br>    Third Party Plaintiff<br><br>    v.<br><br>RONALD ALLEN,<br>    Third Party Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 2:15-CV-272-TLS |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Entry of Judgment under Federal Rule of Civil Procedure 54(b) [ECF No. 84], filed on September 6, 2017, by Defendants National Railroad Corporation d/b/a Amtrak (Amtrak) and CSX Transportation (CSX). On November 14, 2017, the Court held a telephone conference between the parties and the Plaintiff indicated at that time that they do not object to the Motion for Entry of Judgment. [*see* ECF No. 90].

On August 28, 2017, the Court granted summary judgment in favor of Defendants Amtrak and CSX [ECF No. 81]. However, the Plaintiffs' claims remained pending against Defendants RDS Farm, Inc. and David Allen and Amtrak's cross-claim and Third Party Complaint remained pending at that time; therefore, the Court did not enter final judgment. On November 1, 2017, Amtrak entered a Stipulation [ECF No. 87] voluntarily dismissing the cross-claim and Third Party Complaint against the cross-Defendants RDS Farm, Inc. and David Allen. On November 2, 2017, the Plaintiffs joined in the Stipulation [ECF No. 88]. On November 14, 2017, the Clerk entered dismissal of the cross claim and Third Party Complaint [ECF No. 91]. Therefore, no claims remain pending against or by Defendants Amtrak and CSX at this point.

In their Motion for Entry of Judgment, Defendants Amtrak and CSX request that the Court enter an order pursuant to Federal Rule of Civil Procedure 54(b), finding no reason for delay and directing the Clerk to enter judgment in their favor and against the Plaintiffs. The Defendants also state that the certification and entry of final judgment do not impair the Plaintiff's claims against the remaining Defendants.

Rule 54(b) permits a district court, in a case involving multiple claims or parties, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "'Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties.'" *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005) (quoting *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004)). Rule 54(b) authorizes a district court to enter final judgment on a single claim only if that claim is separate

from the claim or claims remaining for decision in the district court—separate not in the sense of arising under a different statute or legal doctrine—but in the sense of involving different facts. *Ty, Inc. v. Publ'ns Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002) (explaining that, unless the facts are different, the appellate court would have to go over the same ground when the judgment terminating the entire case is appealed); *see also Lottie*, 408 F.3d 938–39 ("We have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court."). "If there is a great deal of factual or legal overlap between the counts, then they are considered the same claim for Rule 54(b) purposes." *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1434 (7th Cir. 1992). "Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain in the district court, where 'separate' means having minimal factual overlap." *Lottie*, 408 F.3d at 939. "These requirements are designed to ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit." *Factory Mut. Ins. Co.*, 392 F.3d at 924. This rule is properly "employed only when the subjects of the partial judgment do not overlap with those ongoing in the district court." *Id.* A Rule 54(b) judgment must be supported by specific reasons showing that an immediate appeal is truly necessary. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). The norm in litigation is "one appeal per case." *Id.*; *Horm v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) (noting that the norm "prevents duplicative and time-consuming appeals").

Although certification is often requested to allow a party to appeal a district court's decision even though it does not finally resolve the litigation, immediate appealability is not the sole consequence of a final judgment. Importantly, it is not the reason the Defendants seek

certification in this case—summary judgment was entered in their favor and there do not appear to be any issues that would warrant delaying an appeal, if any.

The Court finds that the Plaintiffs would not be prejudiced by being required to satisfy a judgment entered upon the claims against Amtrak and CSX. Moreover, the facts alleged by the Plaintiffs as to Amtrak and CSX do not significantly overlap with the facts alleged against RDS Farm, Inc. and David Allen.

For these reasons, as the parties elaborated upon during the November 17, 2017, telephonic status conference, in accordance with Rule 54(b), the Court finds that there is no just reason for delay. Accordingly, the Court GRANTS the Motion for Entry of Final Judgment and DIRECTS the Clerk of Court to enter judgment in favor of Amtrak and CSX and against the Plaintiffs.

SO ORDERED on November 20, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT